UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| STELLA SATTER,<br><br>        Plaintiff,<br><br>   v.<br><br>WASHINGTON STATE DEPARTMENT OF ECOLOGY, et al.,<br><br>        Defendants. | CASE NO. C09-5645BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiff Stella Satter's ("Satter") motion for reconsideration (Dkt. 62) of the Court's order granting Defendants' motion for partial summary judgment on issue of prior restraint (Dkt. 59). The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby denies Satter's motion for reconsideration for the reasons stated herein.

## I. FACTUAL AND PROCEDURAL HISTORY

For a more complete factual background see the Court's order on Defendants' motion for partial summary judgment on issue of prior restraint (Dkt. 59). On June 8, 2010, the Court granted Defendants' motion for partial summary judgment. Dkt. 59. On June 22, 2010, Satter filed the instant motion for reconsideration. Dkt. 62.

## II. DISCUSSION

Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

ORDER – 1

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1).

The Court's order on the parties' motions for summary judgment (Dkt. 59) does not represent manifest error. The Court also concludes that Satter's motion for reconsideration effectively restates the same arguments made in opposing Defendants' motion for partial summary judgment, and does not present *relevant* new facts or legal authority that could not have been brought to the Court's attention prior to this motion. Although Satter alleges that the Court should reconsider its ruling on Defendants' motion because new facts have surfaced, including facts related to the evidence the Court struck from the record, such facts are not relevant to the Court's determination of Defendants' motion.

Because Satter has not adequately met her burden under CR 7(h)(1), the Court denies Satter's motion for reconsideration.

### III. ORDER

Therefore, it is hereby **ORDERED** that Satter's motion for reconsideration is **DENIED** for the reasons stated herein.

DATED this 30th day of June 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 2