UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STELLA SATTER,<br><br>            Plaintiff,<br><br>   v.<br><br>WASHINGTON STATE DEPARTMENT OF ECOLOGY, et al.,<br><br>            Defendants. | CASE NO. C09-5645BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT |

This matter comes before the Court on Plaintiff Stella Satter's ("Satter") Motions for Relief from Order and to Amend Complaint ("motion to amend"). Dkt. 52. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies Satter's motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On September 29, 2009, Satter filed a complaint against Defendants, including Ken Slattery ("Slattery") and Department of Ecology ("DOE"), in Thurston County Superior Court. Dkt. 1-3. Included in her complaint, as the first cause of action, is the allegation that Slattery, under color of state law, violated her rights under the United States Constitution by creating a prior restraint to her ability to engage in free speech about matters that potentially could be of public concern. Dkt. 1-3 at 17-18 ¶ 4.2. On

ORDER - 1

May 20, 2010, Satter filed her motion to amend (Dkt. 52) seeking to add DOE as a Defendant "to the first cause of action, which currently alleges the First Amendment Prior Restraint violation against only defendant Ken Slattery." Dkt. 52 at 1.  Further, Satter's motion seeks to strike the cause of action contained in paragraph 4.4 of her complaint (Dkt. 1-3) in order to conform to the parties' stipulation to dismiss such claim.  On May 26, 2010, Defendants responded (Dkt. 56).

## II. DISCUSSION

After an answer has been filed, a party may amend its pleading only with the opposing party's written consent or leave of court.  Fed. R. Civ. P. 15(a)(2).  The court should freely give leave when justice so requires.  *Id*.  When deciding whether to grant leave to amend, courts consider five additional factors: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint."  *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

First, the Court notes that it has previously issued an order granting the parties' stipulation to the dismissal of Satter's claim contained in paragraph 4.4 of her complaint and dismissing such claim.  Dkt. 48.  Therefore, Satter's motion is denied as moot with respect to amending her complaint to reflect the dismissal of this claim.

Next, the Court reviews Satter's motion to amend to add defendant DOE as a party to the first cause of action in her complaint.  Dkt. 56 at 1-4.  On June 8, 2010, the Court granted Defendants' motion for partial summary judgment on this cause of action as alleged against Slattery.  Dkt. 56.  In the Court's order, it concluded that although Slattery had created a prior restraint on Satter's speech, under *Pickering*, such restraint did not violate the First Amendment as the government's interests outweighed those of Satter.  *Id*. at 8-11.  As DOE's interests are the same as the government interests that were considered in Satter's claim against Slattery, the cause of action regarding the prior restraint, if brought against DOE, would have the same result.  *See id*.  Therefore, the

Court concludes that Plaintiff's amendment would be futile. *See Allen*, 911 F.2d at 374 (affirming district court's denial of plaintiff's motion to amend complaint when such amendment "would likely prove futile").

### III. ORDER

Therefore, it is hereby **ORDERED** that Satter's motion to amend (Dkt. 52) is **DENIED**.

DATED this 30th day of June, 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3