UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STELLA SATTER,

        Plaintiff,

   v.

WASHINGTON STATE DEPARTMENT OF ECOLOGY, et al.,

        Defendants.

CASE NO. C09-5645BHS

ORDER REQUIRING RESPONSE TO PLAINTIFF'S MOTIONS FOR RECONSIDERATION

    This matter comes before the Court on Plaintiff Stella Satter's "(Satter)" motions for reconsideration (Dkts. 81 & 84). The Court has considered the motions and the remainder of the file and hereby orders Defendants to file a response to the motion.

**I. PROCEDURAL AND FACTUAL BACKGROUND**

    On September 29, 2009, Satter filed a complaint against Defendants in Thurston County Superior Court. Dkt. 1-3. In her complaint, Satter alleges that: (1) Defendant Ken Slattery ("Slattery"), under color of state law, violated her rights under the United States Constitution by creating a prior restraint to her ability to engage in free speech about matters that potentially could be of public concern (Dkt. 1-3 at 17-18 ¶ 4.2); (2) Defendant Polly Zehm ("Zehm"), under color of state law, violated Satter's rights under the United States Constitution by retaliating against Satter because of the content of Satter's response to a personnel investigation (*Id*. at ¶ 4.3); (3) Slattery, under color of state law, violated Satter's rights under the United States Constitution by retaliating

ORDER - 1

1 against her because of the content of her response to a personnel investigation; and (*id*. at
2 ¶ 4.4); and (4) Defendant Washington State Department of Ecology ("DOE"), through its
3 agents and employees, wrongfully terminated Satter in violation of public policy under
4 Washington State law (*id*. at ¶ 4.5). The Court has entered orders (Dkts. 48 & 55)
5 granting the parties' stipulations to dismissal of the claims contained in paragraphs 4.3
6 and 4.4 of Satter's complaint.

7 On June 8, 2010, the Court granted Defendants' motion for partial summary
8 judgment on Satter's prior restraint claim (Dkt. 59) and on June 30, 2010, the Court
9 denied Satter's motion for reconsideration of the Court's order (Dkt. 66). On August 10,
10 2010, the Court granted Defendant's motion for partial summary judgment on Satter's
11 wrongful termination claim. Dkt. 79. On August 12, 2010, the Court entered its
12 judgment in the case in favor of Defendants. Dkt. 80.

13 On August 24, 2010, Satter filed two motions for reconsideration. Dkts. 81 & 84.
14 The first motion requests that the Court reconsider its order (Dkt. 59) and denial of
15 reconsideration (Dkt. 66) on Defendants' motion for partial summary judgment of
16 Satter's prior restraint claim. Dkt. 81. The second motion requests that the Court
17 reconsider its order (Dkt. 79) on Defendants' motion for partial summary judgment of
18 Satter's wrongful termination claims. Dkt. 84. In support of these motions for
19 reconsideration, Satter states that she has newly discovered evidence in the form of
20 discovery that was received from Defendants earlier this month, almost two months after
21 the discovery deadline in this case had passed. *See* Dkts. 81 at 2-4 & 84 at 1-2. Satter
22 maintains that this newly discovered evidence is material to the Court's determination on
23 Defendants' motions for partial summary judgment of Satter's prior restraint and
24 wrongful termination claims. *See* Dkts. 81 & 84.

## II. DISCUSSION

26 Because Satter's motions were filed more than ten days after the entry of
27 judgment, it will be treated as a motion for reconsideration under Rule 60(b) of the
28

ORDER - 2

Federal Rules of Civil Procedure. *See American Ironworks & Erectors, Inc. v. North American Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001) (stating that a motion for reconsideration is treated as a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure if it is filed within ten days of entry of judgment, "[o]therwise, it is treated as a Rule 60(b) motion for relief from a judgment or order"). A court may relieve a party from an order or final judgment if there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b). Motions for reconsideration are also governed by Local Rule CR 7(h), which provides in relevant part as follows:

> No response to a motion for reconsideration shall be filed unless requested by the court. No motion for reconsideration will be granted without such a request. The request will set a time when the response is due, and may limit a briefing schedule to particular issues or points raised by the motion, may authorize a reply, and may prescribe page limitations.

Local Rule CR 7(h)(3).

The Court has considered Satter's motions for reconsideration and the remainder of the file and hereby requires a response to the motions from Defendants.

### III. ORDER

Therefore, it is hereby **ORDERED** that Defendants file a response to Satter's motions for reconsideration (Dkts. 81 & 84) no later than September 17, 2010, in a brief not to exceed 20 pages.

DATED this 25th day of August, 2010.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER - 3