1

2

3

4

5

6                         UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF WASHINGTON AT TACOMA
7

8     STELLA SATTER,

9                      Plaintiff,              CASE NO. C09-5645BHS

10         v.                                  ORDER DENYING
                                               PLAINTIFF'S MOTIONS FOR
11    WASHINGTON STATE DEPARTMENT              RECONSIDERATION
      OF ECOLOGY, et al.,
12

13                     Defendants.

14

15        This matter comes before the Court on Plaintiff Stella Satter's ("Satter") motions

16   for reconsideration (Dkts. 81 & 84) of the Court's order granting Defendants' motion for

17   partial summary judgment on the issue of prior restraint (Dkt. 59) and the Court's order

18   granting Defendants' motion for partial summary judgment regarding constructive

19   discharge claim (Dkt. 79).  The Court has considered the pleadings filed in support of and

20   in opposition to the motions and the remainder of the file and hereby denies Satter's

21   motions for the reasons stated herein.

22                      **I. FACTUAL AND PROCEDURAL HISTORY**

23        For a more complete procedural history and factual background see the Court's

24   order on Defendants' motion for partial summary judgment on the issue of prior restraint

25   (Dkt. 59) and the Court's order on Defendants' motion for partial summary judgment

26   regarding constructive discharge claim (Dkt. 79).  On June 8, 2010, the Court granted

27   Defendants' motion for partial summary judgment on the issue of prior restraint.  Dkt. 59.

28

ORDER – 1

1   On June 22, 2010, Satter filed a motion for reconsideration (Dkt. 62) and on June 30,

2   2010, the Court denied the motion (Dkt. 66).  On August 10, 2010, the Court granted

3   Defendants' motion for partial summary judgment regarding constructive discharge

4   claim.  Dkt. 79.  On August 24, 2010, Satter filed the instant motions for reconsideration

5   of the Court's orders on Defendants' motions for partial summary judgment.  Dkts. 81 &

6   84.  On August 25, 2010, the Court ordered Defendants to file a response to the motions.

7   Dkt. 86.  On September 16, 2010, Defendants filed their response.  Dkt. 87.  The Court

8   granted Satter's request to file a late reply to Defendants' response (Dkt. 98) and on

9   October 21, 2010, Satter filed her reply (Dkt. 99).

**II. DISCUSSION**

11   Motions for reconsideration are governed by Local Rule CR 7(h), which provides

12   as follows:

13      Motions for reconsideration are disfavored. The court will ordinarily
       deny such motions in the absence of a showing of manifest error in the prior
14      ruling or a showing of new facts or legal authority which could not have
       been brought to its attention earlier with reasonable diligence.
15

16   Local Rule CR 7(h)(1).

17   When Satter filed her motions for reconsideration, the Court, considering the

18   timing of the discovery of the document she refers to as the "Suggestions Memo" and

19   what impact the document might have on the Court's previous orders on summary

20   judgment, ordered Defendants to file a response to the motions.  However, having

21   considered Defendants' response to the motions, Satter's reply, and the Suggestions

22   Memo itself, the Court concludes that although the Suggestions Memo contains some new

23   facts, the facts are neither relevant nor material to the Court's decisions on the motions

24   for summary judgment.  Satter's main argument in seeking reconsideration of the Court's

25   order on her constructive discharge claim is that the Suggestions Memo contains

26   instructions from Joy St. Germain, Director of Employee Services, to Ken Slattery

27   ("Slattery") on how to deal with Satter pending the investigation and thereby "answers

28

ORDER – 2

1   the court's question of what were objective criteria for reasonable and tolerable working

2   conditions that were commensurate with the allegations against [Satter], balanced against

3   the [Department of Ecology's] right to conduct a fair and impartial investigation."  Dkt.

4   84 at 2-3.  In addition, Satter argues that the Court should reconsider its *Pickering*

5   analysis of her prior restraint claim based on the Suggestions Memo because the objective

6   criteria contained in the memo shows that the restrictions placed on Satter were not

7   reasonable to effectuate Defendants' interests in light of the circumstances.  Dkt. 81 at 10-

8   12.

9         Satter's arguments are flawed for two reasons.  First, according to Defendants and

10   the declarations of Department of Ecology employees involved, this Suggestions Memo

11   contained just that, suggestions, and was not a list of instructions to Slattery.  *See* Dkts.

12   89, 90, 91 & 92.  Second, even if the Court considered the memo's suggestions as

13   instructions, it does not change the Court's analysis of the constructive discharge claim,

14   that the working conditions Satter was ultimately subjected to were reasonable and

15   tolerable under the circumstances (Dkt. 79 at 7-11) or the Court's conclusion under

16   *Pickering*, that the restrictions placed on Satter were "reasonable to effectuate

17   [Defendants'] interests in light of the circumstances." (Dkt. 59 at 10).

18   ### III. ORDER

19         Therefore, it is hereby **ORDERED** that Satter's motions for reconsideration (Dkts.

20   81 & 84) are **DENIED** for the reasons stated herein.

21         DATED this 19th day of November 2010.

22

23

24   BENJAMIN H. SETTLE
     United States District Judge

25

26

27

28

ORDER – 3